## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIN KENNEDY SNOW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-550** |
| **NATALIE DEVEROUX, ET AL.** | **SECTION "L" (5)** |

### ORDER AND REASONS

I.    **BACKGROUND**:  *MOTOR VEHICLE ACCIDENT*

Pending before the Court is Plaintiff's Motion to Remand, R. Doc. 7. This case arises out of a motor vehicle accident that occurred on or about February 23, 2018. R. Doc. 1-1. Plaintiff claims that Defendant Deveroux attempted to cross an intersection, entered into the lane where Plaintiff was driving, and then collided with Plaintiff's vehicle. R. Doc. 1-1 at 2. Plaintiff argues she was driving in a "safe and cautious manner" at all times relevant to this collision. R. Doc. 1-1 at 2. Plaintiff points out that Ms. Deveroux "was cit[ed] for careless operation in causing the accident in question." R. Doc. 1-1 at 2.

Plaintiff claims that Ms. Deveroux's conduct amounts to negligence due to alleged inattentiveness while operating a motor vehicle, failure to yield right of way, failure to keep a proper lookout, and failure to check for passing traffic prior to entering an intersection, among other allegations. R. Doc. 1-1 at 2. Plaintiff argues that she suffered physical injuries including traumatic brain injury, injury to her cervical spine-sprain-strain-whiplash, bilateral knee injuries, and injuries to the cervical spine and trapezius muscles, due to Ms. Deveroux's negligence. R. Doc. 1-1 at 2-3. Further, Plaintiff claims she experienced injuries associated with pain and

1

suffering, as well as past, present, and future losses due to medical bills, emotional distress, and wages and/or earning capacity, among several other claims. R. Doc. 1-1 at 3.

On February 20, 2019, Plaintiff filed suit against defendants in the Civil District Court for the Parish of Orleans. R. Doc. 1-1. The Defendants included Ms. Deveroux, who is domiciled in California; Ms. Deveroux's alleged automobile insurer, Interinsurance Exchange of the Automobile Club of Southern California ("Interinsurance"); and Ace Insurance Company of the Midwest ("ACE"), which is Plaintiff's alleged underinsured/uninsured motorist insurance policy issuer. R. Doc. 1-1 at 4. On April 15, 2019, Plaintiff supplemented and amended her Petition for Damages, adding State Farm Mutual Automobile Insurance Company ("State Farm") as an additional defendant. R. Doc. 1-3 at 2. Plaintiff claims she was insured under a State Farm Uninsured Economic Only policy at the time of the accident. R. Doc. 1-3 at 2. Plaintiff seeks damages plus interest, costs of proceedings, fees of witnesses, costs of medical records, and court costs. R. Doc. 1-1 at 4.

On June 14, 2019, Ms. Deveroux and Interinsurance answered Plaintiff's original and amended petitions for damages. R. Doc. 1-3 at 24-27. In their answer, Interinsurance generally denies liability, but admits that it is a foreign insurer and that Ms. Deveroux held an insurance policy with Interinsurance at the time of the incident. R. Doc. 1-3 at 24. Further, Interinsurance and Ms. Deveroux asserted a number of affirmative defenses. R. Doc. 1-3 at 3. On June 14, 2019, Ace also answered plaintiff's petition for damages. R. Doc. 1-3 at 31-34. Ace generally denied all liability but admitted it is a foreign insurance company authorized to do business in Louisiana. R. Doc. 1-3 at 31-33. Ace also asserted affirmative defenses. R. Doc. 1-3 at 3.

On February 3, 2020, Ms. Deveroux and Interinsurance were dismissed from the state court lawsuit. R. Doc. 7-5. Ace removed the lawsuit to this Court on February 14, 2020, on the grounds of diversity and amount in controversy pursuant to 28 U.S.C. § 1332(a). R. Doc. 1.

## II.   PRESENT MOTION

### A.   Plaintiff's Motion to Remand [R. Doc. 7]

On June 23, 2020, Plaintiff filed a Motion to Remand, R. Doc. 7. Plaintiff seeks to remand the case to the Civil District Court for the Parish of Orleans, arguing that all Defendants failed "to join in or consent to the Notice of Removal filed by [Ace] within the 30-day period for removal," as required by 28 U.S.C. § 1446(b)(2)(A). R. Doc. 7 at 2. Specifically, Plaintiff claims the record does not show that State Farm joined or consented to removal. R. Doc. 7 at 2. Plaintiff argues that the Fifth Circuit strictly construes § 1446(b)(2)(A) and requires all defendants' written consent upon removal. R. Doc. 7-2 at 2-3. Additionally, Plaintiff believes that even if State Farm's untimely consent were obtained, Ace's removal would still be procedurally improper. R. Doc. 7 at 2.

On June 25, 2020, Plaintiff filed a Supplemental Memorandum to attach proof of service of the amended petition for damages on State Farm. R. Doc. 9-2. This filing showed May 10, 2019 as the actual date of service. R. Doc. 12.

### B.   Defendant ACE's Opposition to Plaintiff's Motion to Remand [R. Doc. 13]

Ace filed an opposition to Plaintiff's Motion to Remand on June 30, 2020. R. Doc. 13. ACE opposes the motion on the grounds that: (1) Plaintiff did not file the Motion to Remand within thirty days of the Notice of Removal; and (2) "Plaintiff has not alleged any defects in subject matter jurisdiction." R. Doc. 13 at 1. Ace concedes that its Notice of Removal does not address State Farm. R. Doc. 13 at 2. Ace notes that "State Farm has not answered the suit, nor have they even

interacted with any of the parties to the suit to the best of Defendant's knowledge." R. Doc. 13 at 2.

ACE argues that Plaintiff has waived her right to request remand on the grounds of procedural defects, such as lack of consent of all parties to removal. R. Doc. 13 at 2. Ace argues that Plaintiff was required to file her motion to remand on or before March 16, 2020, which is thirty days after Ace filed its Notice of Removal. R. Doc. 13 at 2. Ace points out that Plaintiff filed the Motion to Remand on June 23, 2020, or 130 days after removal, so the motion is untimely and should be denied. R. Doc. 13 at 2. Ace contends that Plaintiff waived her right to remand this case based on a procedural defect. R. Doc. 13 at 2.

Second, ACE argues that there are no defects in this Court's subject matter jurisdiction over the case. R. Doc. 13 at 3. Ace contends that the inclusion of State Farm does not destroy diversity because State Farm is a citizen of Illinois, while Plaintiff is a citizen of Louisiana and Ace is a citizen of Indiana and Pennsylvania. R. Doc. 13 at 3. Further, Defendant ACE asserts that the amount in controversy requirement is also satisfied. R. Doc. 13 at 3. Ace notes that Plaintiff has not alleged any defects in this Court's subject matter jurisdiction. R. Doc. 13 at 1.

### III.    LAW & ANALYSIS

 "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, this Court "may not exercise that jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over cases involving complete diversity of citizenship among the parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity

exists where no plaintiff shares a state of citizenship with any defendant. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). 28 U.S.C. § 1446(b)(2)(A) governs removal procedure under 1441(a) and requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Because removal jurisdiction "raises significant federalism concerns," *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), it is strictly construed, and doubts regarding removal jurisdiction should be resolved in favor of remand, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party bears the burden of proving that the court has subject matter jurisdiction over the removed case. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case shall be remanded. 28 U.S.C. § 1447(c).

Conversely, the availability of remand on procedural grounds is limited, and courts may grant remand only in certain circumstances. 29A KARL OAKES, FEDERAL PROCEDURE, LAWYERS EDITION § 69:117 (2020 ed.). Remand on procedural grounds aims to cure "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991). A motion to remand based on a procedural defect must be filed within 30 days of removal, otherwise "a district court has no discretion to remand to state court." *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995) (citing 28 U.S.C. § 1447(c)). If the motion to remand is untimely,

the procedural defect is waived. *Id.* In contrast, defects in subject matter jurisdiction can never be waived. *Id.*

Here, both Plaintiff and Ace agree that a procedural defect existed in Ace's removal of this lawsuit. Namely, Ace did not obtain the consent of or justify its lack of consent of defendant State Farm when it removed the case on February 14, 2020. R. Doc. 1. Plaintiff filed the instant Motion to Remand based on this procedural defect nearly 130 days after the case was removed, rather than within the thirty-day deadline. R. Doc. 13 at 2; 28 U.S.C. § 1447(c). Moreover, Plaintiff asserted no grounds on which additional time should have been granted to file the pending Motion to Remand. The Fifth Circuit has clearly held that an existing procedural defect is waived when a motion to remand is filed in an untimely manner. *Pavone*, 52 F.3d at 566. Therefore, the Court finds that the procedural defect existing in Ace's removal of this case is waived. The Court will next address whether it has subject matter jurisdiction over this case.

In its opposition to Plaintiff's Motion to Remand, Ace argues that there is no defect in this Court's subject matter jurisdiction because there is complete diversity and the amount in controversy requirement is met. R. Doc. 13. Plaintiff does not dispute this or allege a subject matter jurisdiction-based defect. The Court agrees that it has subject matter jurisdiction over this case. Complete diversity exists because Plaintiff is a citizen of Louisiana, while State Farm is a citizen of Illinois and Ace is a citizen of Indiana and Pennsylvania. R. Doc. 13 at 3. The parties have stipulated that the amount in controversy exceeds $75,000. R. Doc. 1 at 3-6. Accordingly, both requirements under 28 U.S.C. § 1332(a) have been met and the Court has subject matter jurisdiction over this lawsuit.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this $\underline{\text{29th}}$ day of July 2020.

Eldon E. Fallon
United States District Judge